UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

March 12, 2019

MEMORANDUM TO PARTIES RE:    Shawnta D. Royster v. Megan J. Brennan, et al.
Civil Action No. GLR-17-2495

Dear Parties:

Pending before the Court is Defendants Megan J. Brennan, Mary Kearney, and Carl W. Starliper's Motion to Dismiss the Complaint or, in the Alternative, for Summary Judgment (ECF No. 13). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant the Motion.

This case arises from Plaintiff Shawnta Royster's termination from the United States Postal Service. On August 29, 2017, Royster, proceeding pro se, filed a form Complaint ("Complaint" or "Original Complaint") against Defendants. (ECF No. 1). The Complaint alleged employment discrimination under Title VII of the Civil Rights Act of 1964 based on her race, sex, and gender; age discrimination under the Age Discrimination in Employment Act of 1967; and violations of "FCA regulations, pregnancy discrimination." (Compl. at 4, ECF No. 1). The Complaint contained a statement of facts pertinent to Royster's claims. (Id. at 6–7). On February 5, 2018, Royster filed an Amended Complaint. (ECF No. 10). In the Amended Complaint, Royster corrected the spelling of Starliper's name and "completed Section II in Jurisdiction . . . fully as needed," removing the age discrimination, "FCA regulations," and "pregnancy discrimination" claims, and adding claims for "violation of FCRA, Civil Rights" and "violations of ELM 16.6-16.9, 16.5, 16.8." (Am. Compl. at 1–2, ECF No. 10). The Amended Complaint neither contains a statement of facts, nor refers to or incorporates the facts or allegations from the Original Complaint. (Id.).

Defendants filed their Motion to Dismiss the Complaint or, in the Alternative, for Summary Judgment on March 27, 2018. (ECF No. 13). On May 17, 2018, Royster filed an Opposition. (ECF No. 19). Defendants filed a Reply on June 15, 2018. (ECF No. 21).

Defendants style their Motion as a motion to dismiss under Rule 12(b)(6) or, in the alternative, for summary judgment under Rule 56. A motion styled in this manner implicates the Court's discretion under Rule 12(d). See Kensington Volunteer Fire Dep't., Inc. v. Montgomery Cty., 788 F.Supp.2d 431, 436–37 (D.Md. 2011), aff'd, 684 F.3d 462 (4th Cir. 2012). This Rule provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d). The Court "has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6)

motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" Wells-Bey v. Kopp, No. ELH-12-2319, 2013 WL 1700927, at *5 (D.Md. Apr. 16, 2013) (quoting 5C Wright & Miller, Federal Practice & Procedure § 1366, at 159 (3d ed. 2004, 2012 Supp.)). Here, because the Court will not consider matters outside of the pleadings, the Court will not convert the Motion. Instead, the Court will treat the Motion as a motion to dismiss.

The purpose of a motion under Federal Rule of Civil Procedure 12(b)(6) is to "test[ ] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of America, N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of America, NA, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs, 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). But "even a pro se complaint must be dismissed if it does not allege 'a plausible claim for relief.'" Forquer v. Schlee, No. RDB–12–969, 2012 WL 6087491, at *3 (D.Md. Dec.4, 2012) (quoting Iqbal, 556 U.S. at 679). "While pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" Weller v. Dep't of Soc. Servs. for the City of Balt., 901 F.2d 387, 391 (4th Cir. 1990) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985)).

Further, pro se litigants are not entitled to a "special exemption" from the Federal Rules of Civil Procedure. Adkins v. Rice, 842 F.2d 1289, 1289 (4th Cir. 1988) (unpublished table decision) (citing Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981); see also McNeil v. United States, 508 U.S. 106, 113 (1993) (observing that the Supreme Court has "never suggested that procedural rules

in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel").

Defendants maintain that Royster fails to allege facts sufficient to create a plausible inference of discrimination. The Court agrees that Royster has failed to state a claim, though for a different reason than Defendants argue.

"As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) (quoting In re Crysen/Montenay Energy Co., 226 F.3d 160, 162 (2d Cir. 2000)); see also 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (3d ed. 2010) (noting that "[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case"). The Court may apply this rule even though Defendants did not point to it specifically as a basis for dismissal. U.S. ex rel. May v. Purdue Pharma L.P., 737 F.3d 908, 913 n.3 (4th Cir. 2013); see also Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 99 (1991) ("When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law.").

Here, Royster's failure to include a factually supported statement of her claims in her Amended Complaint dictates dismissal under Rule 8(a)(2). The statement of facts in Royster's Original Complaint did not survive the Amended Complaint to support her revised claims. Young, 238 F.3d at 572. Royster's attempt to state additional facts or claims in her Opposition is also unavailing. Hurst v. D.C., 681 F.App'x 186, 194 (4th Cir. 2017) ("a plaintiff may not amend her complaint via briefing"). In an analogous case involving a pro se litigant, this Court held that a "[p]laintiff may not point to allegations in two separate pleadings in order to state a claim that satisfies the requirements of Rule 8, and the various assertions in her motion papers have no effect on the sufficiency of her pleadings." Wroblewski v. United States, No. DKC 08-3368, 2011 WL 1769989, at *4 (D. Md. May 9, 2011). The same logic applies here. The Court, therefore, concludes that Royster fails to state a claim for relief. Accordingly, the Court will grant Defendants' Motion.

For the foregoing reasons, Defendants' Motion to Dismiss the Complaint or, in the Alternative, for Summary Judgment (ECF No. 13), construed as a motion to dismiss, is GRANTED. Plaintiff's Amended Complaint (ECF No. 10) is DISMISSED WITHOUT PREJUDICE. Despite the informal nature of this Memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly, mail a copy to Royster at her address of record, and CLOSE this case.

    Very truly yours,

    /s/
    George L. Russell, III
    United States District Judge