UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

September 1, 2020

MEMORANDUM TO PARTIES RE:   Shawnta D. Royster v. Louis DeJoy[1]
Civil Action No. GLR-17-2495

Dear Parties:

Pending before the Court is Defendants Louis DeJoy, Mary Kearny, and Carl W. Starlpier's Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 13).[2] The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant the Motion.

Plaintiff Shawnta D. Royster was employed by the United States Postal Service ("USPS") from 2004 to 2012.[3] (Compl. at 2, ECF No. 1).[4] Royster alleges that Defendant Mary Kearney, who is Caucasian, "show[ed] racial [and] verbal discrimination towards [her] . . . without fully investigating to confirm allegations. Termination was illegal [and] void of reason for employment separation." (Id. at 5, 7). As to Defendant Carl Starlpier, who is also Caucasian, Royster alleges that he has "yet to give fair dis[ci]plinary decision" and that he, together with Kearney, decided to terminate her employment. (Id.). Royster further alleges that she "was told regardless of [her] job ethics [and] due to far pregnancy at the time [she] wasn't suitable for [her] position." (Id. at 7). She also claims that USPS "provided untrue information about [her] background finding" to justify terminating her employment in violation of her "Rural Carrier Contract." (Id.).

---

[1] Although this case was originally filed against Megan Brennan in her capacity as United States Postmaster General, the Court substitutes her successor, Louis DeJoy, in her place. See Fed.R.Civ.P. 25(d). The Clerk shall amend the docket, consistent with this case caption, to reflect the substitution.

[2] Also pending are Plaintiff Shawnta D. Royster's Motion for Summary Judgment (ECF No. 29) Motion for Hearing (ECF No. 31), and "Motion of Court Direction of Scheduling Order Request" (ECF No. 34). Because the Court grants Defendants' Motion, Royster's Motions will be denied as moot.

[3] The Complaint does not specifically identify the capacity in which Royster was employed but given her reference to the "Rural Carrier Contract" the Court presumes that Royster was a mail carrier. (See Compl. at 7). Additionally, Royster identifies her place of employment as 1521 Ritchie Highway in Baltimore County, Maryland. (Id. at 2). However, it is unclear if she worked at that same location from 2004 to 2012. Finally, unless otherwise noted, the Court takes the following facts from Royster's Complaint and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

[4] Citations to the Complaint refer to the pagination assigned by the Court's Case Management and Electronic Case Files ("CM/ECF") system.

Proceeding pro se, Royster sued Defendants on August 29, 2017. (ECF No. 1). On February 5, 2018, Royster filed an Amended Complaint correcting the spelling of Starlpier's name and amending her causes of action to allege: violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., violation of "FCRA, Civil Rights," and violation of "ELM 16.6–16.9, 16.5, 16.8." (Am. Compl. at 1–2, ECF No. 10).[5] The Amended Complaint did not contain any factual allegations.

Defendants filed their Motion to Dismiss on March 27, 2018. (ECF No. 13). On May 17, 2018, Royster filed an Opposition. (ECF No. 19). Defendants filed a Reply on June 15, 2018. (ECF No. 21). This Court issued an Opinion on March 12, 2019 dismissing Royster's claims. (ECF No. 23). In so doing, the Court concluded that Royster's "failure to include a factually supported statement of her claims in her Amended Complaint dictates dismissal under Rule 8(a)(2)" because "[t]he statement of facts in Royster's Original Complaint did not survive the Amended Complaint to support her revised claims." (Opinion at 3).

On March 28, 2019, Royster filed a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit. (ECF No. 24). On June 24, 2019, the Fourth Circuit vacated this Court's March 12, 2019 decision and remanded the case for further proceedings, concluding that Royster's Amended Complaint "was not meant to stand alone," and that the Court "should have construed it to incorporate by reference the factual allegations in the initial complaint." Royster v. Brennan, 771 F.App'x 292, 293 (4th Cir. 2019). Consistent with the Fourth Circuit's mandate, the Court considers the sufficiency of Royster's factual allegations, as pleaded in her original Complaint, in conjunction with the causes of action identified in her Amended Complaint.

The purpose of a Rule 12(b)(6) motion is to "test[ ] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd.

---

[5] Citations to the Amended Complaint refer to the pagination assigned by the Court's Case Management and Electronic Case Files ("CM/ECF") system.

of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

When the plaintiff is proceeding pro se, the pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). But even a pro se complaint must be dismissed if it does not allege "a plausible claim for relief." Forquer v. Schlee, No. RDB–12–969, 2012 WL 6087491, at *3 (D.Md. Dec.4, 2012) (citation and internal quotation marks omitted). "While pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" Weller v. Dep't of Soc. Servs. for the City of Balt., 901 F.2d 387, 391 (4th Cir. 1990) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985)).

Royster asserts a claim under Title VII for discrimination based on race. Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To state a prima facie claim of race discrimination under Title VII, a plaintiff must show (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) more favorable treatment of someone outside the protected class with comparable qualifications. Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).

Royster's Title VII claim fails because she alleges only one of the four required elements—adverse employment action, i.e. termination. Despite alleging that she was discriminated against based on race, Royster never identifies her race and, as a result, fails to allege her membership in a protected class. Additionally, Royster's pleadings are silent as to whether she satisfactorily performed her job. To that point, Royster never identifies her position or job duties. Lastly, Royster does not allege any facts demonstrating that she was treated worse than a similarly qualified employee who was not a member of the protected class—whatever class that may be. Thus, the Court concludes that Royster has failed to state a claim for discrimination based on race under Title VII, and her claim will be dismissed.

To the extent Royster asserts a claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq., her claim fails. The FCRA requires credit reporting agencies to follow procedures in reporting consumer credit information that both "meet[ ] the needs of commerce" and are "fair and equitable to the consumer." 15 U.S.C. § 1681(b). The FCRA also places restrictions on employers making employment decisions based upon credit reports. See, e.g., 15 U.S.C. § 1681b(b)(3). However, Royster does not allege any facts demonstrating that Defendants violated the FCRA. Relatedly, she fails to state what, if any, provision was violated or how any alleged violation is causally connected to any harm she suffered. Consequently, the Complaint

fails to meet the pleading requirements set forth in Iqbal and Twombly, and Royster's FCRA claim will be dismissed for failure to state a claim.

Finally, Royster appears to assert a contract claim based upon an alleged violation of USPS's Employee and Labor Manual ("ELM"). However, courts have recognized that USPS employees may not assert breach of contact claims based on ELM violations, and that the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. §§ 1101 et seq., establishes exclusive statutory remedies for claims arising out of federal employment. See O'Neal v. Donahoe, 802 F.Supp.2d 709, 714 (E.D.Va. 2011) (dismissing breach of contract claim related to the ELM, holding that USPS employees are not employed pursuant to contract, but instead are statutorily appointed to their positions); see also Yokum v. U.S. Postal Serv., 877 F.2d 276, 280–81 (4th Cir. 1989) (explaining that the CSRA provides the exclusive remedy for USPS employees to challenge personnel actions). Accordingly, Royster has failed to state a breach of contract claim against Defendants.

For the foregoing reasons, Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 13) is GRANTED for failure to state a claim, and Royster's Royster's Motion for Summary Judgment (ECF No. 29) Motion for Hearing (ECF No. 31), and "Motion of Court Direction of Scheduling Order Request" (ECF No. 34) are DENIED as MOOT.

Despite the informal nature of this Memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly, mail a copy to Royster at her address of record, and CLOSE this case.

        Very truly yours,

        /s/
        George L. Russell, III
        United States District Judge